UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRADEN J. KARONY,

               Plaintiff,

         -against-

UNITED STATES OF AMERICA,

               Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-MC-3407 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On August 25, 2025, Plaintiff Braden J. Karony ("Karony") commenced this action pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)"), seeking the return of approximately $293,518.64 seized by Defendant the United States of America (the "Government"). Specifically, he requests this return so that he may retain counsel of his choice for an upcoming sentencing in a related criminal case. *See* Braden J. Karony's Motion for Return of Seized Property at 1, Dkt. 1 ("Karony's Motion" or "Karony's Mot."). On September 19, 2025, the Government responded, moving to dismiss for lack of subject-matter jurisdiction. *See generally* The Government's Memorandum of Law in Support of Its Motion to Dismiss at 1, Dkt. 5 ("Government's Motion" or "Govt's Mot."). For the reasons stated below, Karony's Motion is denied, and the Government's Motion is granted.

## BACKGROUND

### A. Related Criminal Proceedings

On May 21, 2025, a jury convicted Karony of three conspiracies: conspiracy to commit securities fraud, conspiracy to commit wire fraud, and conspiracy to commit money laundering. *See* Verdict Form, *United States v. Karony*, 23-CR-00433-EK (E.D.N.Y. May 21, 2025), Dkt.

198.[1] In doing so, the jury found that two sets of funds were derived from the proceeds of the conspiracies: approximately $1,816,946.49 connected to the sale of real property located at 94 West 600 North, Lindon, Utah, 84042, and approximately $107,739.00 connected to the purchase of real property located at 260 Gary Way, North Salt Lake, Davis County, Utah, 84054. Special Verdict Form for Forfeiture, Cr. Dkt. 198-1.

Several months later, on August 4, 2025, Karony filed a motion for an order clarifying that he could use funds other than those identified in the Special Verdict Form to retain his counsel of choice for sentencing. Karony's Motion for an Order Clarifying Legal Status of Funds to Be Used to Retain Counsel of Choice, or Alternatively, for a Monsanto Hearing at 1, Cr. Dkt. 215 ("Clarification Motion" or "Clarification Mot."). Among those funds was approximately "300,000 held at a financial institution called FV Bank" (the "FV Bank Funds"). *Id.* (footnote omitted). Karony argued that "the government waived any claim to forfeit the assets on a proceeds theory by not seeking them in the forfeiture trial." *Id.* In the alternative, Karony requested that the Court schedule a *Monsanto* hearing "to determine whether and to what extent the [relevant] accounts hold demonstrably untainted assets that Karony may use to retain counsel of choice for sentencing." *Id.*

## B. The Seizure of the FV Bank Funds

On August 8, 2025, Magistrate Judge Marcia Henry issued a civil warrant authorizing the seizure of "any and all funds up to the amount of $550,500.00 on deposit in FV Bank International Inc. account number 780001001179, held in the name of Braden John Karony," pursuant to 18

---

[1] The Court may take judicial notice of these filings and will use the short form "Cr. Dkt." for all subsequent references to the *Karony* criminal docket. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))).

U.S.C. §§ 981(a)(1)(A), (C). *See* Karony's Mot., Exhibit 2. The same day, the warrant was executed, and the U.S. Department of Treasury, Internal Revenue Service ("IRS") seized approximately $293,518.64 (in other words, the FV Bank Funds), the only amount found in the account at the time the warrant was executed. *See* Karony's Mot. at 3; Govt's Mot. at 1.

### C. Administrative Proceedings to Forfeit the FV Bank Funds

On or about August 20, 2025, the IRS commenced an administrative forfeiture proceeding against the FV Bank Funds and notified Karony of such proceeding. *See* Karony's Mot., Exhibit 1 ("Ex. 1"). The following day, Karony submitted an administrative claim, challenging the seizure of the FV Bank Funds. *See* Karony's Mot., Exhibit 3 ("Ex. 3").

### D. Ongoing Litigation in the Related Criminal Case

On August 29, 2025, the Government opposed Karony's Clarification Motion in the criminal case. *See* The Government's Memorandum of Law in Further Support of Its Request for a Restraining Order Prohibiting Defendant Karony from Dissipating Funds Held at Citibank, and in Opposition to Defendant's Motion for an Order Clarifying the Legal Status of Funds to Be Used to Retain Counsel of Choice, or, Alternatively, for a *Monsanto* Hearing, Cr. Dkt. 225. In relevant part, the Government argued that it had not waived its right to pursue administrative forfeiture because it retains the discretion to decide how to pursue forfeiture, whether that be administratively, civilly, or criminally. *Id.* at 14-15. The Government also indicated that since Karony contested the administrative forfeiture of the FV Bank Funds, the Government planned "to file a civil forfeiture action once the time-period for filing claims in the administrative proceeding has concluded." *Id.* at 4 & n.4 (explaining the relationship among administrative, civil, and criminal forfeiture proceedings).

Karony replied in further support of his Clarification Motion on September 1, 2025. Braden J. Karony's Reply to the Government's Opposition to His Motion for an Order Clarifying Legal Status of Funds to Be Used to Retain Counsel of Choice, or Alternatively, for a Monsanto Hearing, Cr. Dkt. 226.

On September 19, 2025, Judge Eric Komitee denied Karony's Clarification Motion. *See* Memorandum & Order, Cr. Dkt. 235 ("Cr. M&O"). In relevant part, Judge Komitee declined to "opine on the propriety" of the ongoing administrative proceeding because, "once administrative forfeiture proceedings have been initiated, objections to the forfeiture must generally be raised in the administrative proceeding." *Id.* at 15 (citing *United States v. One 1987 Jeep Wrangler Auto. VIN # 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992)). Judge Komitee did not assess Karony's preclusion argument because "'[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second*' tribunal," in other words, "the one presiding over the administrative forfeiture." *Id.* (alteration in original) (quoting *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012)).

On October 10, 2025, Karony substituted his counsel in the criminal case and simultaneously filed a motion to continue his sentencing. *See* Notice of Appearance of Counsel, Cr. Dkt. 244; Motion to Withdraw as Counsel of Record, Cr. Dkt. 246; Braden John Karony's Motion to Adjourn Sentencing, Cr. Dkt. 245. On October 15, 2025, Judge Komitee adjourned Karony's sentencing from October 31, 2025, to January 16, 2026.

### E. Rule 41(g) Return of Property Motion

While both criminal and administrative proceedings were ongoing, Karony moved this Court for the return of the FV Bank Funds under Rule 41(g), again arguing that the Government's seizure was "barred by claim preclusion," Karony's Mot. at 5, and, in the alternative, requesting

4

"an evidentiary hearing to determine whether the seized bank account is subject to forfeiture or whether Karony may use the funds to retain counsel of choice for his October sentencing," *id.* at 8.

On September 19, 2025, the Government responded by filing a motion to dismiss for lack of subject-matter jurisdiction. *See generally* Govt's Mot. In pertinent part, it argues that Rule 41(g) motions are "equitable civil actions" that are "only appropriate when a moving party has no other available forum in which to address a grievance." *Id.* at 5 (first citing *Jeep Wrangler*, 972 F.2d at 479; then citing *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987)). Because the administrative forfeiture proceeding is ongoing and because the Government plans to file a civil forfeiture complaint, the Government asserts that this Court lacks the subject-matter jurisdiction to review the merits of the forfeiture. *Id.*

On September 26, 2025, Karony filed a reply in further support of his motion. *See generally* Braden J. Karony's Opposition to the Government's Motion to Dismiss His Rule 41(g) Motion, Dkt. 8 ("Karony's Reply"). In essence, Karony asserts that he would be irreparably harmed "if he were required to wait 90 (or more) days for the government to file a civil forfeiture complaint and then litigate the return of the property over the course of weeks and months." *Id.* at 7.

## DISCUSSION

Under Rule 41(g), a "person aggrieved by an unlawful search and seizure of property may move for the property's return."[2] But Rule 41(g) relief is equitable in nature. It is "available only

---

[2] Until 2002, Rule 41 addressed motions for return of property under subdivision (e). *See* 3A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 690(4th ed. 2025). But in 2002, the return-of-property section was reassigned to subdivision (g) without substantive change. *See id.* Federal courts have therefore relied on pre-2002 Rule 4(e) case law when applying Rule 41(g). *See, e.g.*, *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006). This Memorandum and Order follows suit.

when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida*, 459 F.3d at 382 (citing *Jeep Wrangler*, 972 F.2d at 479); *accord United States v. Zaleski*, 686 F.3d 90, 92 (2d Cir. 2012). Jurisdiction "is to be exercised with great restraint and caution since it rests upon the court's supervisory power over actions of federal law enforcement officials." *De Almeida*, 459 F.3d at 382 (first quoting *Application of Campola*, 543 F. Supp. 115, 117 (N.D.N.Y. 1982); then citing *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988)).

### A. Karony Has an Adequate Remedy at Law.

The ongoing administrative proceedings constitute an adequate remedy at law. Under 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property" is "subject to forfeiture to the United States." Once a seizure has taken place, 18 U.S.C. § 983(a)(1)(A)(i) requires the Government to provide "written notice to interested parties" within 60 days, and 18 U.S.C. § 983(a)(2)(A) states that an interested party may, in turn, "file a claim with the appropriate official after the seizure." Where an interested party has received a letter notifying them of the seizure, a claim must be filed by the deadline provided in that letter, which, by statute, "may be not earlier than 35 days after the date the letter is mailed." *Id.* § 983(a)(2)(B). Once a claim has been filed, the statute then mandates that the Government must file a complaint for civil forfeiture within 90 days. *Id.* § 983(a)(3)(A) ("Not later than 90 days after a claim has been filed, the Government *shall* file a complaint for forfeiture . . . ." (emphasis added)). If the Government fails to take any action, it must "promptly release the property." *Id.* § 983(a)(3)(B). *See generally* 3 Criminal Practice Manual §§ 107:11-107:12.

The parties agree on the relevant facts. The IRS seized the FV Bank Funds pursuant to a civil warrant on August 8, 2025. Karony's Mot. at 3; Govt's Mot. at 1-2. It instituted

6

administrative proceedings shortly thereafter and notified Karony of the seizure via a letter dated August 20, 2025. Ex. 1. Karony then submitted a claim challenging the forfeiture the following day. Ex. 2. *See* Karony's Mot. at 3; Govt's Mot. at 1-2. The Government has now indicated that it "plans to file a civil forfeiture action once the time-period for filing claims in the administrative proceeding has concluded," Govt's Mot. at 2, a fact Karony acknowledges in his reply, Karony's Reply at 7. All of this conduct has been in conformance with 18 U.S.C. § 983's rules governing civil forfeiture, which neither party disputes.

Taken together, these facts indicate that Karony has an adequate remedy at law. The Second Circuit has long held that "once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41[(g)] motion." *Jeep Wrangler*, 972 F.2d at 479; *see also Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008) ("Commencement of a civil or administrative forfeiture proceeding ordinarily deprives the district court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion." (first citing *De Almeida*, 459 F.3d at 382; then citing *Jeep Wrangler*, 972 F.2d at 479)).

### B. The Equities Disfavor the Court's Exercise of Jurisdiction.

The equities additionally weigh against the exercise of jurisdiction. Karony argues that he will be irreparably harmed if "he were required to wait 90 (or more) days for the government to file a civil forfeiture complaint and then litigate the return of the property over the course of weeks and months." Karony's Reply at 7. But irreparable harm is not a requirement of Rule 41(g) jurisdiction in this Circuit. *See, e.g.*, *Carpenter v. Koskinen*, 3:13–cv–563 (SRU), 2015 WL 3510300, at *6-7 (D. Conn. June 4, 2015), *remanded*, 692 F. App'x 666 (2d Cir. 2017). And, regardless, delay itself "should not govern the merits of the application, especially when weighed

against other considerations," such as "the risk of conflicting results and the impracticability of concurrent, but separate . . . actions concerning the same property." *United States v. Huggins*, 13–CR–00155 (SHS)(SN), 2013 WL 1728269, at *3 (S.D.N.Y. Mar. 22, 2013); *De Almeida*, 459 F.3d at 382 (noting the "problems inherent in parallel proceedings" as an equitable concern when deciding whether to exercise jurisdiction under Rule 41(g)); *Jeep Wrangler*, 972 F.2d at 479 (same). Here, an administrative forfeiture proceeding is ongoing in relation to the same seizure Karony asks this Court to review. The proceedings are in direct conflict: any merits decision this Court were to issue would collide with a decision in the pre-existing administrative action.

  Karony has also already sought, and been denied, access to the same relief he seeks here in the form of his Clarification Motion in the related criminal action. *See* Cr. M&O. *Compare* Karony's Mot*., with* Clarification Mot. There, Judge Komitee likewise observed the need to defer to the administrative proceeding. Cr. M&O at 15. ("Once administrative forfeiture proceedings have been initiated, objections to the forfeiture must generally be raised in the administrative proceeding." (citing *Jeep Wrangler*, 972 F.2d at 479)). Judge Komitee also declined to grant a *Monsanto* hearing on the grounds that "*Monsanto* and its progeny are about the interaction of *pretrial* asset restraints and the Sixth Amendment" and are not applicable post-conviction. *Id.* at 12-14. Judge Komitee further noted the "litany of assets totaling more than $10 million," listed in Karony's most up-to-date financial affidavit, submitted on August 22, 2025, which this Court believes undermines the credibility of Karony's claims of irreparable harm here. *Id.* at 4 (citing Declaration of John Karony, Cr. Dkt. 224-1).[3] "It is a basic principle of equity that parties should not be permitted to seek the same relief twice in different courts." *Schulte v. United States*, 22-

---

[3] The Court relatedly observes that Karony was, in fact, able to retain counsel for his sentencing and secure an adjournment to January 16, 2026. *See* Motion to Withdraw as Counsel of Record, Cr. Dkt. 246; Notice of Appearance of Counsel, Cr. Dkt. 244; Braden John Karony's Motion to Adjourn Sentencing, Cr. Dkt. 245.

8

CV-5841(EK)(RML), 2023 WL 3688106, at *2 (E.D.N.Y. May 25, 2023) (declining to exercise Rule 41(g) jurisdiction where the plaintiff had already requested the return of the subject property in his ongoing criminal case and was denied).

Karony's cited cases do not compel a different result. *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614 (1976), dealt with the seizure of a taxpayer's assets in the context of the IRS's Anti-Injunction Act. It did not address Rule 41(g) jurisdiction. Similarly, *United States v. Michelle's Lounge*, 39 F.3d 684, 697-98 (7th Cir. 1994), *abrogated by, Kaley v. United States*, 571 U.S. 320 (2014), and *In re Seizure of All Funds in Accounts in Names Registry Publishing, Inc*, 887 F. Supp. 435, 449 (E.D.N.Y. 1995), *vacated*, 68 F.3d 577 (2d Cir. 1995), both analyzed the due process required during a pre-conviction, civil forfeiture proceeding, an issue not currently before the Court in the context of a post-conviction, Rule 41(g) motion. *See also* Cr. M&O at 12-14. *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15, 18 (7th Cir. 1978), is likewise distinguishable on its facts: there, the Seventh Circuit observed that irreparable harm likely would be found where the Government had seized funds needed to satisfy a tax liability for 17 months without filing criminal charges against the taxpayer. As discussed above, irreparable harm is not an element of the Rule 41(g) analysis in this Circuit but, even if it were, no such protracted delay exists here. Lastly, *United States v. Bluitt* is a case from the Northern District of California that goes against the weight of the case law in this District, which holds that administrative proceedings do, in fact, constitute an adequate remedy at law. 815 F. Supp. 1314, 1317-18 (N.D. Cal. 1992).

The Court therefore finds that it lacks subject-matter jurisdiction over Karony's Motion. As a result, it does not reach the merits of the other arguments raised therein.

## CONCLUSION

For the foregoing reasons, the Court denies Karony's Motion and grants the Government's Motion. Accordingly, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

        /s/
ORELIA E. MERCHANT
United States District Judge

October 22, 2025
Brooklyn, New York